**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

UNITED STATES OF AMERICA

vs.  Case No.:   3:05-cr-104-TJC-MCR

JACETA ANYA STREETER

_____ /

## ORDER

This case is before the Court on Defendant Jaceta Anya Streeter's motion for a "judicial recommendation," in which she asks the Court to "order the … Bureau of Prisons to award Ms. Streeter the 49 days owed to her pursuant to 18 U.S.C. Section 3624(b) [a]mended under the First Step Act of 2018." (Doc. 221, Motion at 1). Defendant is a convicted inmate incarcerated at FCI Marianna, serving a 36-month term of imprisonment for violating the conditions of supervised release (Doc. 184, Judgment of Revocation). This sentence runs consecutive to a 124-month term of imprisonment in Case No. 3:18-cr-76-TJC-JK for wire fraud and aggravated identity theft. According to the BOP, she is scheduled to be released from prison on August 18, 2029.

Defendant contends that she is entitled to additional good time credit pursuant to the First Step Act. Before the First Step Act became law, § 3624(b) provided that prisoners could earn "up to 54 days" of good time credit "at the end of each year of the prisoner's term of imprisonment, beginning at the end

1

of the first year of the term," provided that the BOP determined that "the prisoner has displayed exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1) (2008). But because credit could only be awarded at the end of each year, it resulted in the BOP using a calculation method that permitted a maximum of only 47 days of good time credit per year (over the life of a 10-year sentence, for example). See Barber v. Thomas, 560 U.S. 474, 476–79 (2010) (approving BOP's interpretation and application of the former § 3624(b)(1)); Bottinelli v. Salazar, 929 F.3d 1196, 1197 (9th Cir. 2019). The First Step Act amended § 3624(b)(1) "to require the BOP to permit up to 54 days [of good time credit] per year" of the total sentence, as opposed to awarding credit only at the end of each year. Bottinelli, 929 F.3d at 1197; see First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, § 102(b)(1).

As a result of these changes, Defendant argues that she is entitled to an additional 49 days of good time credit. She argues that the BOP has miscalculated her release date and moves the Court to "correct the miscalculations of her sentence." (Doc. 221 at 1).[1]

---

[1] Defendant also asserts that the First Step Act's amendment to § 3624(b) applies retroactively, and had the BOP "awarded Ms. Streeter the correct calculated good time credits initially" – presumably referring to a prior term of imprisonment that she served from 2005 to 2013 – "she never would have been in violation [of supervised release] because the initial term of 5 years supervised release would have been completed prior to the new arrest on 1/30/2018." (Doc. 221 at 2). However, Defendant does not ask the Court to vacate her 36-month term of imprisonment for violating the conditions of supervised release. Were that her intent, though, her argument would face several obstacles, including: (1) such a claim would have to be brought in a motion to vacate sentence under 28 U.S.C. § 2255, and (2) the argument is foreclosed by United States v. Johnson, where the Supreme Court held that a defendant's term

"After a district court sentences a federal offender, the Attorney General, through the Bureau of Prisons, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)). Thus, "[t]he Bureau of Prisons," not a district court, "is … responsible for computing [a defendant's] sentence and applying appropriate good time credit." Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992), abrogated on other grounds by Santiago-Lugo v. Warden, 785 F.3d 467, 474-75 & n.5 (11th Cir. 2015).

Defendant's Motion, which attacks the BOP's calculation of her good time credits, challenges the execution of the sentence as opposed to the validity of the sentence itself. A petition for writ of habeas corpus under 28 U.S.C. § 2241 is the proper vehicle for challenging the execution of an inmate's sentence. Antonelli v. Warden, 542 F.3d 1348, 1352 (11th Cir. 2008); see United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."). For defendants who claim they are entitled to additional good time credit under the First Step Act, such challenges are routinely brought under § 2241. See, e.g., Powers v. Warden, Allenwood USP, 824 F. App'x 95 (3d Cir. 2020); Greene v. Underwood, 939 F.3d 628 (5th Cir. 2019); Bottinelli, 929 F.3d

---

of supervised release commences only once she is actually released from a term of imprisonment, not the date when she theoretically should have been released. 529 U.S. 53, 56–57 (2000).

3

1196; see also United States v. Pratt, 821 F. App'x 200, 202 (4th Cir. 2020) ("Lastly, we decline to address Pratt's entitlement to additional good time credits under the First Step Act … because she has failed to exhaust her administrative remedies and has not challenged the calculation or award of such credits by the [BOP] in a petition for writ of habeas corpus….").

Because Defendant challenges the execution of her sentence rather than its validity, the Court construes the Motion as a petition for writ of habeas corpus under § 2241. "A petition for a writ of habeas corpus may only be brought in the court having jurisdiction over the petitioner or his place of incarceration. As [Defendant] is incarcerated at [FCI Marianna in Marianna, Florida], [s]he is outside the jurisdiction of the [Middle District of Florida] for habeas corpus purposes." Hajduk v. United States, 764 F.2d 795, 796 (11th Cir. 1985). If Defendant wishes to challenge the execution of her sentence, she must file a § 2241 habeas petition in the district where she is confined, which is the Northern District of Florida.

Accordingly, Defendant's Motion for "judicial recommendation" (Doc. 221), construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, is **DISMISSED WITHOUT PREJUDICE**, subject to Defendant's right to file

4

a habeas petition in the district where she is confined.

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of January, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel and parties of record